UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 3:15-CR-048 JD |
| | ) | 3:18-CV-363 JD |
| VINCENT JONES | ) | |

## OPINION AND ORDER

Defendant Vincent Jones was convicted at trial of possessing a firearm as a felon. He received a sentence of 97 months of imprisonment, to run concurrent to a lengthier undischarged term of imprisonment he is serving on state convictions. On his direct appeal, Mr. Jones argued that this Court should have suppressed evidence recovered in a search of his home. The court of appeals disagreed and affirmed Mr. Jones' conviction.

Mr. Jones now moves to vacate his conviction under 28 U.S.C. § 2255. Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ." Here, it plainly appears from Mr. Jones' motion that he is not entitled to relief on the claims he asserts, so the Court dismisses the motion.

Mr. Jones presents four grounds in support of his motion. Three of them arise out of the search of his home, which he argues should have led to the suppression of evidence. He argues that the firearms that officers found inside a safe were not visible in plain view, that the inevitable discovery doctrine would not preclude suppression of those firearms, and that it was improper for officers to have searched the home without a warrant. None of these arguments could give rise to relief under § 2255, though, as all of those issues were explored thoroughly prior to trial and on direct appeal, and have already been decided. "A § 2255 motion is 'neither a

recapitulation of nor a substitute for a direct appeal.'" *Varela v. United States*, 481 F.3d 932, 935 (7th Cir. 2007) (quoting *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996)). Thus, "[i]ssues that were raised on direct appeal may not be reconsidered on a § 2255 motion absent changed circumstances." *Id.*; *see also United States v. Flores*, 739 F.3d 337, 341 (7th Cir. 2014) ("A collateral attack cannot be used to obtain a second opinion on an argument presented and decided earlier."); *White v. United States*, 371 F.3d 900, 902 (7th Cir. 2004) (holding that the doctrine of the law of the case "forbid[s] a prisoner to relitigate in a collateral proceeding an issue that was decided on his direct appeal").

These three grounds all go to whether the Court should have suppressed evidence, but those issues were raised and decided on appeal. In affirming Mr. Jones' conviction, the court of appeals held that officers were entitled to enter the home based on his girlfriend's consent, and that regardless of whether the firearms in the safe (which the parties agreed were outside the scope of the girlfriend's authority to consent to a search) were visible in plain view, suppression would be unwarranted due to the inevitable discovery doctrine. *United States v. Jones*, 861 F.3d 638 (7th Cir. 2017). A motion under § 2255 is not an opportunity to seek review of that decision, so Mr. Jones' arguments to the contrary on those issues plainly fail to entitle him to relief.

Mr. Jones also asserts what appears to be a claim of ineffective assistance of counsel. He states that there was a conflict of interest and breakdown of communication between him and his lawyer, and he objects that the Court denied requests to substitute counsel. To prevail on a claim of ineffective assistance of counsel, a defendant must show: (1) that his counsel's performance was deficient, meaning that it fell below an objective standard of reasonableness; and (2) that he was prejudiced by the deficiencies in his counsel's performance, meaning that there is a reasonable probability that the results of his sentencing hearing would have been different with

effective representation. *Strickland v. Washington*, 466 U.S. 687 (1984); *Fuller v. United States*, 398 F.3d 644, 650 (7th Cir. 2005).

Mr. Jones does not make any attempt to establish either element. He argues that there was a breakdown of communication and that he asked for new counsel, but that is not enough to support such a claim. "'[T]he right to counsel of choice does not extend to defendants who require counsel to be appointed for them.'" *United States v. Wallace*, 753 F.3d 671, 675 (7th Cir. 2014) (quoting *United States v. Gonzalez-Lopez*, 548 U.S. 140, 151 (2006)). And even defendants who argue on direct appeal that a district court should have appointed substitute counsel due to a breakdown in communication must show that their attorney was ineffective and that the ineffectiveness prejudiced the defense.[1] *Id.* ("[I]f a defendant is still afforded adequate representation, an erroneous denial of a motion for substitution is not prejudicial and is therefore harmless."); *United States v. Harris*, 394 F.3d 543, 554 (7th Cir. 2005) ("[E]ven if the district court abused its discretion in denying the motion for new counsel, we will nonetheless affirm the district court's decision unless the defendant establishes that he was deprived of his Sixth Amendment right to effective assistance of counsel."). To make that showing, Mr. Jones would have to identify "the specific acts or omissions of counsel that he believe constituted ineffective assistance." *Wyatt v. United States*, 574 F.3d 455, 458 (7th Cir. 2009). Mr. Jones has not done so; he rests his claim solely on the denial of substitute counsel, which he argues was warranted

---

[1] Mr. Jones states in his motion that he does not know why appellate counsel did not contest on appeal the denial of substitute counsel, but this is likely the reason, as the Seventh Circuit has repeatedly warned defendants against raising ineffective-assistance arguments on direct appeal. *E.g.*, *Flores*, 739 F.3d 337, 341 (7th Cir. 2014). For the same reason, to the extent Mr. Jones means to assert a claim of ineffective assistance of appellate counsel on that basis, the claim would fail. *See Vinyard v. United States*, 804 F.3d 1218, 1227 (7th Cir. 2015) ("[B]ringing a premature claim for ineffective assistance of counsel on direct appeal is not prudent, and we have repeatedly cautioned defendants against raising such claims on direct appeal.").

due to a conflict and breakdown of communication between him and his attorney. Because such a claim plainly fails to support relief under § 2255, the Court dismisses the motion.

For the same reasons, the Court denies the issuance of a certificate of appealability, as the claims are not sufficient to deserve encouragement to proceed further and their resolution is not debatable. The Court advises Mr. Jones that pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, when the district judge denies a certificate of appealability, the applicant may request a circuit judge to issue the certificate. The Court further advises Mr. Jones that any notice of appeal must be filed within 60 days after judgment is entered on this motion. Fed. R. App. P. 4(a); *Guyton v. United States*, 453 F.3d 425, 427 (7th Cir. 2006) (stating that "the time to contest the erroneous denial of [the defendant's] first § 2255 motion was within 60 days of the decision").

Mr. Jones has filed various other procedural motions. He filed a motion to proceed in forma pauperis [122] and a motion for leave to appeal in forma pauperis [DE 121], but no filing fee is due on a motion under § 2255 and no appeal is pending, so those motions are denied as moot. Mr. Jones also moves for the appointment of counsel. [DE 123]. However, a petitioner is not entitled to counsel as of right for a motion under § 2255, and the circumstances here do not warrant appointment of counsel. *See Oliver v. United States*, 961 F.2d 1339, 1343 (7th Cir. 1992). Finally, Mr. Jones asks that a transcript of a pretrial conference be prepared and provided to him at no cost. [DE 124]. Other than a conclusory assertion that "critical" facts took place at the hearing, though, Mr. Jones does not indicate how the transcript would be relevant to his motion. And as discussed above, he has not identified a non-frivolous claim that the transcript could support. The Court therefore denies that motion as well.

To summarize, the Court DISMISSES Mr. Jones' motion under § 2255 [DE 120] and DENIES the issuance of a certificate of appealability. The Court also DENIES Mr. Jones' remaining motions. [DE 121–24].

SO ORDERED.

ENTERED:  June 7, 2018

_____/s/ JON E. DEGUILIO_____
Judge
United States District Court